FILED

2025 Jul-08  AM 08:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIONA HUBBARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:24-cv-01132-AMM** |
| | ) | |
| **HOMEWOOD POLICE** | ) | |
| **DEPARTMENT,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS</u>

This matter comes before the court on motions to dismiss filed by defendants Homewood Police Department, Doc. 19, Hoover Police Department, Doc. 22, Vestavia Police Department, Doc. 25, and Trussville Police Department, Docs. 28 and 37. For the reasons explained below, these motions are **GRANTED**.

## I.    BACKGROUND

This dispute arises from interactions between *pro se* plaintiff Briona Hubbard and the four police departments. Ms. Hubbard alleges that the police departments violated her rights under the Fourth, Fifth, and Fourteenth Amendments. *See* Doc. 13 at 5.

### A. Allegations Against Homewood Police Department

Ms. Hubbard alleges that the Homewood Police Department made an "unlawful traffic stop without probable cause of a crime occurring" and "issued a

warrant . . . [for] failure to register [a] vehicle." *Id*. at 11. She alleges that the Department "is still violating [her] rights by not dismissing all charges against" her. *Id*. She alleges that she "will continue to be homeless without her vehicle being released." *Id*.

### B. Allegations Against Hoover Police Department

Ms. Hubbard alleges that the Hoover Police Department "made [an] unlawful traffic stop due to no tag." *Id*. at 9. She alleges that the Department "was aware [that she] wasn[']t operating in commerce during [the] stop." *Id*. She further alleges that the Department engaged in the "unlawful seizure of her animals and private property such as private automobile[,] cell phone[,] etc." *Id*. She alleges that "since November 17, 2024," the Department has "unlawfully [been] in possession of [the] automobile and animals they had no lawful authority to have." *Id*. at 10. "Due to [the Department's] negligence," Ms. Hubbard alleges that she "was incarcerated for [three] weeks." *Id*.

### C. Allegations Against Vestavia Police Department

Ms. Hubbard alleges that the Vestavia Police Department engaged in a traffic stop on August 30, 2024, even though the Department "had no suspicion that a crime occurred." *Id*. at 8. She alleges that the Department "was informed by [her that] she

wasn[']t operating in commerce." *Id*. She alleges that the Department "unlawfully detained [her] for false charges" and "impound[ed her] private vehicle" in violation of the Constitution. *Id*. She alleges that the Department neither had "probable cause of a crime occurring to tow [her] private property" nor a "warrant to lawfully seize [her] property." *Id*. She further alleges that the Department "made an unlawful arrest . . . based off no probable cause." *Id*. at 9. She alleges that the Department "refuses to release [her] property including [her] vehicle [which is] used for consumer goods and firearms." *Id*. She alleges that the Department "is still in unlawful possession of [her] firearm and private vehicle since August 30, 2024." *Id*.

### D. Allegations Against Trussville Police Department

Ms. Hubbard alleges that the Trussville Police Department engaged in an "unlawful traffic stop" even though the Department "was made aware that [Ms. Hubbard] wasn[']t operating in commerce as officers proceeded with tickets." *Id*. at 10. She alleges that the Department "had no reasonable articulable suspicion to justify tickets given to" her. *Id*. She alleges that the Department "violated [her] . . . rights by suspending [her] driver[']s license" even though she "wasn[']t operating in the capacity of commerce." *Id*. She further alleges that the Department "issued a warrant . . . that gave rise from unlawful charges." *Id*. at 11.

3

## II.    PROCEDURAL HISTORY

On August 16, 2024, Ms. Hubbard filed a complaint against Vestavia Tire Express, and three individuals respectively from the Homewood, Trussville, and Vestavia Police Departments. Doc. 1. Along with this complaint, Ms. Hubbard filed a motion for leave to proceed *in forma pauperis*. Doc. 2. The court denied this motion because of procedural and substantive deficiencies, with leave to refile an amended complaint. Doc. 3. On October 29, 2024, Ms. Hubbard filed an amended complaint against Homewood, Vestavia, and Trussville Police Departments as well as Vestavia Tire Express, Doc. 8, along with another motion for leave to proceed *in forma pauperis*, Doc. 9. This motion was again denied for various deficiencies with leave to refile a second amended complaint. Doc. 12. On January 9, 2025, Ms. Hubbard filed a second amended complaint against Homewood, Hoover, Vestavia, and Trussville Police Departments, Doc. 13, along with a third motion for leave to proceed *in forma pauperis*, Doc. 14, which the court granted, Doc. 15.

In Ms. Hubbard's third and operative complaint, she sought a temporary restraining order and a preliminary injunction against the four police department defendants. Doc. 13 at 5, 12–13. The court denied the request for a temporary restraining order for procedural deficiencies with leave to refile, and reserved ruling

4

on the preliminary injunction. Doc. 18 at 3.

In February 2025, the four police department defendants filed individual motions to dismiss Ms. Hubbard's complaint. Docs. 19, 22, 25, and 28. The court entered briefing schedules on these motions, giving Ms. Hubbard twenty-one days to file responses, and the defendants fourteen days from the dates of Ms. Hubbard's responses to file replies. Docs. 21, 23, 27, and 29. Ms. Hubbard responded to the defendants' motions to dismiss with four motions titled "motion to strike" and "motion for summary judgment." Docs. 30, 31, 32, and 36. The court construes these motions as responses to the defendants' motions to dismiss. Homewood, Hoover, and Vestavia Police Departments filed replies, Docs. 33, 34, 35, and Trussville Police Department filed an amended motion to dismiss addressing a supplemental matter, Doc. 37, which the court construes as a reply. Accordingly, the motions to dismiss are fully briefed.

## III.    LEGAL STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not make "detailed factual allegations"; its purpose is only to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. To test the complaint, the court discards any "conclusory allegations," takes the facts alleged as true, *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[s] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Ms. Hubbard is proceeding *pro se* in this matter. Under controlling precedent, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). But "once a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## IV.  ANALYSIS

Although the four police department defendants filed individual motions to

6

dismiss, they uniformly make one dispositive argument: under Alabama law, police departments are not subject to suit. *See* Doc. 20 at 9–11; Doc. 22 at 1–2; Doc. 25 at 4–5; Doc. 28 at 2–3. Ms. Hubbard did not rebut this argument in her responses to the Homewood, Hoover, and Vestavia Police Departments' motions. *See* Docs. 30, 31, and 32. In response to Trussville Police Department's motion to dismiss, Ms. Hubbard argues that "Monell v. Department of Social Services (1978) states . . . that local governments can be sued under § 1983 if the violation was due to official policy or custom, not just the actions of an individual officer." Doc. 36 at 3 (cleaned up). She argues that "[t]his landmark case allows plaintiffs to sue a municipality for constitutional violations committed by its employees if it can be shown that there was a custom, policy, or failure to act that caused the harm." *Id.*

Under controlling precedent, "[s]heriff's departments and police departments are not usually considered legal entities subject to suit . . . but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (cleaned up); *see also* Fed. R. Civ. P. 17(b). Under Alabama law,

> [g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.

7

> Among subordinate entities generally lacking the capacity
> to sue or be sued separately are police departments.

*Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) (cleaned up).

Consistent with this rule, Alabama's three federal districts have dismissed suits against municipal police departments. *See Clay-Brown v. City of Decatur*, No. CV 12-J-3988-NE, 2013 WL 832315, at *2 (N.D. Ala. Feb. 28, 2013) (holding that "[t]he City of Decatur Police Department is . . . not a legal entity subject to suit under Alabama law); *Wilson v. Alabama*, 536 F. Supp. 3d 1245, 1248 (M.D. Ala. 2020) (holding that "the City of Headland Police Department is not a proper defendant" because "a police department is not a legal entity subject to suit or liability"); *Lee v. Wood*, No. 04-00710-BH-B, 2007 WL 2460756, at *7 (S.D. Ala. Aug. 27, 2007) (holding that "the claim against Defendant City of Mobile Police Department is frivolous and due to be dismissed" because "[a] city's police department in Alabama . . . is not a suable entity or a proper party under state law or for § 1983 purposes"); *see also Jones v. Hutchison*, No. 2:08-CV-02082-HGD, 2008 WL 11423963, at *1 (N.D. Ala. Dec. 18, 2008) ("The City of Birmingham Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore is not a proper party defendant in this action."); *Higginbotham v. City of Pleasant Grove*, No. CV-12-BE-252-S, 2013 WL 5519577, at *6 (N.D. Ala. Sept. 30, 2013) (dismissing "the

Pleasant Grove Police Department" as a defendant because "Alabama law . . . provides that police departments are generally not legal entities to be sued"). Consistent with these numerous authorities, the court finds that the four police department defendants are not legal entities subject to suit under Alabama law.

*Monell* is not applicable. *See* Doc. 36 at 3. In *Monell*, the Supreme Court considered "[w]hether local government officials and/or local [governments] are 'persons' within the meaning of 42 U.S.C. § 1983 when equitable relief in the nature of back pay is sought against them in their official capacities." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 662 (1978). Ms. Hubbard has sued neither a local government official, nor a local government. *See* Doc. 13.

Accordingly, the defendants' motions to dismiss are granted on this ground, and the court does not reach the defendants' other arguments.

## V.    CONCLUSION

For the reasons explained above, the motions to dismiss filed by defendants Homewood Police Department, Doc. 19, Hoover Police Department, Doc. 22, Vestavia Police Department, Doc. 25, and Trussville Police Department, Docs. 28 and 37, are **GRANTED**. Considering that Ms. Hubbard had three opportunities to amend her complaint, the court finds that further repleading would be futile.

Accordingly, Ms. Hubbard's claims against the four police departments are **DISMISSED WITH PREJUDICE**. Ms. Hubbard's motions to strike and motions for summary judgment, Docs. 30–32 and 36, which the court construed as her responses to the defendants' motions to dismiss, are **DENIED**. The Clerk of the Court is **DIRECTED** to close this case.

  **DONE** and **ORDERED** this 7th day of July, 2025.

             _____
             **ANNA M. MANASCO**
             UNITED STATES DISTRICT JUDGE